IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GAVALLY CALDERON,

    Plaintiff,

    v.

PERFECT EQUIPMENT AND PRODUCT SUPPLY, INC., et al.,

    Defendants.

CIVIL NO. 05-2179 (RLA)

**ORDER VACATING JURY VERDICT AND JUDGMENT**

Defendants have requested post-trial relief under both Rules 50(b) and 59(e) Fed. R. Civ. P. It appearing that disposing of defendants' petition to alter or amend the judgment pursuant to the provisions of Rule 59(e) renders the verdict legally unsound, there is no need for us to address the other issues presented by them in the outstanding motion.

**The Verdict**

At the conclusion of a five-day trial, the jury found that plaintiff's work environment was sexually hostile in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). However, the jury did not find that plaintiff had suffered any compensatory damages as a result thereof. The jury also rejected the other causes of actions prosecuted by plaintiff during trial, i.e., *quid pro quo* sexual harassment and discharge in retaliation for having complained of sexual harassment.

**CIVIL NO. 05-2179 (RLA)** **Page 2**

With this set of facts, the jury however did find that plaintiff was entitled to punitive damages and awarded her the sum of $100,000.00.

Rule 59(e) allows the court to vacate judgments, *inter alios*, "where the movant shows a manifest error of law". <u>Prescott v. Higgins</u>, No. 07-2809, 2008 WL 3854008, *8 (1st Cir. Aug. 20, 2008) (citations and internal quotation marks omitted); <u>ACA Fin. Guar. Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55 (1st Cir. 2008); <u>Kansky v. Coca-Cola Bottling Co.</u>, 492 F.3d 54, 60 (1st Cir. 2007).

As defendants correctly point out, the Court of Appeals for the First Circuit has unequivocally established that in order for a plaintiff to be entitled to punitive damages for Title VII claims he or she must have been awarded compensatory damages.

> The reason that a nominal damages award is significant here is because the law of this circuit is that no punitive damages may be awarded in a Title VII case in the absence of an award of compensatory damages or of nominal damages.

<u>Azimi v. Jordan's Meats, Inc.</u>, 456 F.3d 228, 237 (1st Cir. 2006).

Based on the foregoing, the jury verdict rendered in this action awarding only punitive damages to plaintiff in her Title VII claim is contrary to law and must *per force*, be vacated.

Accordingly, defendants' Renewal of Motion under Rule 50(b) for Judgment as a Matter of Law and to Amend Judgment and/or Remittitur under Rule 59 (docket No. **95**) is **GRANTED**[1] and the Verdict filed in this case (docket No. 90) is hereby **VACATED.**

---

[1] See Plaintiff's Opposition (docket No. **107**).

**CIVIL NO. 05-2179 (RLA)**                                                      **Page 3**

---

It is further ORDERED that the Judgment entered on January 8, 2007 (docket No. **93**), is hereby **VACATED AND SET ASIDE** and the complaint filed in this case is hereby DISMISSED.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of August, 2008.

                                                     S/Raymond L. Acosta
                                                     RAYMOND L. ACOSTA
                                     United States District Judge